FILED
SUPERIOR COURT
OF GUAM

2019 JAN -8 PM 5: 24

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>THOMAS K. TEEHAN,<br><br>　　　　　　　Defendant. | **Superior Court Case No. <u>CF0634-17</u>**<br><br>**DECISION AND ORDER**<br><br>**re**<br><br>**MOTION TO DISMISS INDICTMENT**<br><br>**and**<br><br>**MOTION TO DISMISS FIRST CHARGE<br>OF THE INDICTMENT** |

　　　　In this Decision and Order, the Court considers two motions filed by Defendant Thomas K. Teehan:[1] (1) Motion to Dismiss the Indictment, filed on December 1, 2017; and (2) Motion to Dismiss First Charge of the Indictment, filed on December 18, 2017. Teehan faces charges of Theft (as a Second Degree Felony) and Issuance of Dishonored Checks (as a Third Degree Felony). The two motions seek dismissal of the Theft charge on statute of limitations grounds. The first motion also requests dismissal of the Issuance of Dishonored Checks charge due to defects in the grand jury proceedings. The Court heard the first motion on December 12, 2017, and accepts the second motion on the briefs. Having evaluated the applicable law and the parties' arguments, the Court GRANTS the Motions as to the Theft charge, and DENIES the first Motion as to charge of Issuance of Dishonored Checks.

---

[1] Attorney William Benjamin Pole represents Teehan; Assistant Attorney General Sean E. Brown represents the People of Guam.

ORIGINAL

## I.    PROCEDURAL BACKGROUND

The People initiated this case in a Magistrate's Complaint filed on November 8, 2017. The Magistrate's Complaint alleged that on March 16, 2016, Teehan committed Theft of Property Held in Trust (as a Second Degree Felony) "in the course of business dealings with Mark Mendiola."

Nine days later, on November 17, 2017, the Grand Jury handed down the Indictment for Theft and Issuance of Dishonored Checks. According to the Indictment, on or about November 7, 2014, Teehan unlawfully took, obtained, or exercised unlawful control over Mendiola's movable property with the intent to deprive him thereof. Indictment (Nov. 17, 2017). In the first and second Motion, Teehan claims that the Theft charge violates Guam's three-year statute of limitations.

The Indictment's second charge concerns a business transaction between Teehan and Design Land. According to the Indictment, on February 13, 2017, Teehan issued a check for $51,000.00, which a bank later dishonored. The Indictment further claims that Teehan knew the bank would dishonor the check. Teehan's first Motion claims that the Issuance of Dishonored Checks charge should be dismissed because the grand jury failed to hear the entirety of the relevant statute, 9 GCA § 46.30. In opposition, the People admit that the grand jury did not hear portions of section 46.30. The People however contend those portions concerns statutory presumptions of intent to defraud, which the Court claim not to rely upon as part of its case.

## II.    LAW AND ANALYSIS

### A. Charge One: Theft - Statute of Limitations

To prosecute a Theft, the People must file charges within three years. 8 GCA § 10.20(c). The clock "starts to run on the day *after* the offense is committed." 8 GCA § 10.60 (emphasis

ORIGINAL

added). Thus, "[i]n computing any period of time *the day of the act or event from which the designated period of time begins to run shall not be included.* The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday." 8 GCA § 1.25(a) (emphasis added). Further, a "year means a period of 365 days." 1 GCA § 1007.

To avail of the criminal justice system, the People must act within the statutory time limits of the charged offense. Alan L. Adlestein, *Conflict of the Criminal Statute of Limitations with Lesser Offenses at Trial*, 37 Wm. & Mary L. Rev. 199, 291 (1995) ("the statute of limitations has been seen as a jurisdictional limitation on the power of the court"). An untimely action deprives the Court of jurisdiction over the matter and leaves dismissal as the remaining remedy. *See, e.g., Waters v. U.S.*, 328 F.2d 739, 743 (10th Cir. 1964) (criminal statute of limitations is jurisdictional); *Benes v. U.S.*, 276 F.2d 99, 108-09 (6th Cir. 1960) (unlike a civil statute of limitations, a criminal statute of limitations is construed as a bar to prosecution); 21 Am. Jur. 2d Criminal Law § 225 (1981) (failure to comply with the limitation statute is a defect going to the very jurisdiction of the court).

On the face of the Indictment, the People have failed to bring a timely action. The alleged theft occurred on November 7, 2014. Since the three year statute of limitation begins the day after, the clock started to run on November 8, 2014. Because a year lasts 365 days, three years equates to 1,095 days. 1,095 days after November 8, 2014, is Tuesday, November 7, 2017--one day before the People filed the Magistrate's Complaint. Alternatively calculated, the first year runs from November 8, 2014, until November 7, 2015; the second year runs from

ORIGINAL

November 8, 2015, until November 7, 2016;[2] and the third year runs from November 8, 2016, until November 7, 2017.[3] Any action filed beyond November 7, 2017, falls within the fourth year after the offense occurred. Because the People commenced this action one day beyond the three-year statute of limitations, the Court lacks jurisdiction over the Theft charge.

Moreover, the Indictment's Theft charge differs from the charge raised in the Magistrate's Complaint, which signifies that the Magistrate's Complaint likely did not toll the clock. The limitations period tolls "during any time when a criminal action against the defendant *for the same conduct* is pending in this Territory." 8 GCA § 10.50 (emphasis added). On their face, the Magistrate's Complaint and the Indictment allege different conduct: whereas the Magistrate's Complaint alleges Teehan committed a Theft of Property Held in Trust on March 16, 2016, the Indictment charges that a Theft occurred on November 7, 2014. As the Indictment raises a distinct act of Theft than that referenced in the Magistrate's Complaint, even if timely filed, the Magistrate's Complaint failed to toll the statute of limitations for the activity occurring on November 7, 2014. Having filed the Indictment three years and nine days after the alleged Theft, the People have not initiated a timely Theft prosecution.

Lastly, the People argue 9 GCA § 43.20 grants an additional 12 months. Section 43.20(f) states:

> Amounts involved in thefts committed pursuant to one scheme or course of conduct, whether from the same person or several persons or amount [sic] involved in thefts by a servant, agent or employee from his principal or employer in any period of twelve (12) consecutive months, may be aggregated in determining the grade of the offense.

---

[2] 2016 was a leap year but "[t]he added day of a leap year, and the day immediately preceding, if they occur in any such period, shall be reckoned together as one day." 1 GCA § 1007.

[3] November 7, 2017 was on a Tuesday and not a legal holiday. *See* 8 GCA § 1.25(a) Therefore, it was the last day to commence an action.

ORIGINAL

9 GCA § 43.20(f). The Court finds this provision irrelevant. This section permits aggregation of theft crimes to determine "the grade of the offense" but provides no additional 12-month extension on the statute of limitation for a theft charge.

The Court recognizes the principle that dismissal of an Indictment is a drastic remedy. However, the Court possesses no authority to excuse an untimely filed proceeding. This is especially true in the present instance in which the Indictment contains no facts that toll or invoke an exception to the statute of limitations. Had the charging document presented information to support a tolling of the statute of limitations, this matter may have been analyzed differently. As stated in *People v. Quenga*, 2015 Guam 39 ¶ 17, "[w]here the People file a charging document that appears on its face to be outside the statute of limitations period, they must allege specific facts that toll or invoke an exception to the general statute of limitations in order to avoid dismissal." This requirement is "critical to an accused's defense, as successfully disproving them will result in dismissal of the charges. A defendant should receive formal notice of such allegations as soon as they are made." *Id.* at ¶ 18. Nonetheless, *Quenga* suggests that when an exception to a limitations period exists, dismissal without prejudice is appropriate should the People have sufficient facts to raise in a superseding indictment. *Id.* at ¶ 23 ("had the trial court properly dismissed the motion on statute of limitations grounds, the People would have been able to file a superseding indictment including the necessary allegations"). For that reason, the Court DISMISSES the Theft charge without prejudice.

**B.  Charge Two: Issuance of Dishonored Checks - Unread Portion of Statute**

A grand jury "shall receive . . . any evidence . . . which would tend to negate guilt." 8 GCA § 50.46. Teehan contends, and the People agree, that the prosecution failed to read the full text of 9 GCA § 46.30(c): "Issuance of Dishonored Checks: Proof of intent." The grand jury

ORIGINAL

heard the following portion:

> (c) Proof of intent. Any of the following is evidence sufficient to sustain a finding that the person at the time the person issued the check intended it should not be paid:
>
> (1) proof that, at the time of issuance, the issuer did not have an account with the drawee;
>
> (2) proof that, at the time of issuance, the issuer did not have sufficient funds or credit with the drawee and that the issuer failed to pay the check within thirty (30) days after mailing of notice of nonpayment or dishonor as provided in this subsection; or
>
> (3) proof that, when presentment was made within a reasonable time, the issuer did not have sufficient funds or credit with the drawee and that the issuer failed to pay the check within thirty (30) days after mailing of no

9 GCA § 46.30(c). Additional paragraphs follow that excerpt, which the grand jury did not hear:

> Notice of nonpayment or dishonor that includes a citation to this section shall be sent by the payee or holder of the check to the maker or drawer by certified mail, return receipt requested, or by regular mail, supported by an affidavit of service by mailing, to the address printed on the check. Refusal by the maker or drawer of the check to accept certified mail notice or failure to claim certified or regular mail notice is not a defense that notice was not received.
>
> The notice may state that unless the check is paid in full within thirty (30) days after mailing of the notice of nonpayment or dishonor, the payee or holder of the check will or may refer the matter to proper authorities for prosecution under this section.
>
> An affidavit of service by mailing shall be retained by the payee or holder of the check.

9 GCA § 46.30(c)(3). Teehan contends the unread section contains exculpatory considerations for the grand jury. The People argue the unread portion concerns the statutory presumption of intent to defraud, not an element of the charge itself.

ORIGINAL

The Court considers whether the unread "Notice of nonpayment or dishonor" portion of Section 46.30(c) is an element of the charge or involves exculpatory evidence. The law defines the "Issuance of Dishonored Checks" charge as: "Whoever issues a check which, at the time of issuance, the issuer intends shall not be paid, is guilty of issuing a dishonored check." 9 GCA § 46.30(b). The requisite *mens rea* element is whether the defendant possessed an intent to defraud. Section 46.30(c) offers three scenarios in which such intent may be inferred, all of which were read to the grand jury. In the first scenario, intent may be proved if the issuer did not have an account with the drawee. 9 GCA § 46.30(c)(1). The next two scenarios contemplate that a defendant received a "notice of nonpayment or dishonor," but the issuer did not have sufficient funds or credit with the drawee. 9 GCA § 46.30(c)(2) and (3).

All three scenarios under Section 46.30(c) are statutory presumptions in which a defendant's intent to defraud may be proved. *See* 9 GCA § 46.30(c)(1), (2), and (3). Although they vary in substance and procedure, such statutory presumptions are common for check fraud crimes. *See Landfried v. Spokane City,* 2011 WL 1584328, at *7 (E.D. Wash. 2011) ("[b]ased on the *statutory presumption of intent* to defraud . . . there is a fair probability that [the Defendant] wrote the check with intent to defraud and knowledge that he had insufficient funds in his account."); *Sykes v. Commw.,* 2004 WL 421726 (Va. Ct. App. 2004) (court referenced a "*statutory presumption that a check is issued with intent to defraud* when a check is drawn on a bank in which the maker or drawer has no account was applicable to a defendant who wrote bad checks on bank accounts that were closed.") (emphasis added)).

These statutory presumptions are provided because "a specific intent to defraud is very difficult to prove." 9 G.C.A. § 46.30 cmt. Thus, the People accurately cite to *Thompson v. State* which states, "Notice of non-payment of check is not essential to prosecution for delivering a

ORIGINAL

check with intent to defraud *in all cases*." 308 S.W.2d 512 (Tex. Crim. App. 1958) (emphasis added). "In prosecution for delivering a check with intent to defraud, when notice of nonpayment of check was not given defendant, as provided by statute, a *statutory presumption of intent to defraud did not apply*." *Id.* (emphasis added) (showing that notice of non-payment refers to a statutory presumption, not an element of the charge).

The Court thus finds that section 46.30(c)(1), (2) and (3) provide alternative presumptions to prove intent to defraud. However, the statute does not indicate that the People must rely on any of the three presumptions in order to prove intent. In fact, the People represent that they do not intend to rely only on any statutory presumption to prove Teehan's intent to defraud. Opp'n at 3 (People offer theory that "the Defendant stopped payment on the check in question on the very day that Defendant wrote the check") (Dec. 7, 2017). Absent language deeming the presumptions as mandatory, the law does not require the People to present all permissive, alternative theories of intent.

Moreover, the unread "Notice of nonpayment or dishonor" paragraphs do not implicate a failure to present exculpatory evidence. The unread paragraphs discuss the substantive and procedural aspects of that "Notice of nonpayment or dishonor" referenced in the latter two scenarios.[4] If the People do not rely on any statutory presumptions to prove intent, then it follows that the notice provisions for such presumptions become impertinent.

---

[4] Generally, the unread paragraphs contain procedural requirements. The first unread paragraph prescribes the method of mailing, and if a drawer refuses to accept service. The second unread paragraph prescribes when the matter may be referred to prosecutors. The third unread paragraph requires a payee to retain an affidavit of service.

ORIGINAL

To be clear, the unread statutory language does not create an element of the crime. In addition, the unread portions have no effect on Teehan's rebuttal of a statutory presumption not pursued by the People.

## III.    CONCLUSION AND ORDER

Because the Theft charge commenced after the expiration of the three year statute of limitations, the Court lacks jurisdiction over the matter. The Court hereby **GRANTS** Teehan's Motion to Dismiss as to Charge 1: Theft (as a Second Degree Felony) and **DISMISSES** the Theft charge without prejudice.

Further, the Court determines that the statutory presumptions under Section 46.30 (c) are not elements of the Issuance of Dishonored Checks charge, nor relevant since the People choose not utilize the presumptions. Accordingly, the unread "Notice of nonpayment or dishonor" paragraphs do not contain exculpatory considerations for the grand jury. The Court therefore **DENIES** Teehan's Motion to Dismiss as to Charge 2: Issuance of Dishonored Checks (as a Third Degree Felony).

Teehan asserts his right to a speedy trial. Fifty-eight days remain on the speedy trial clock. The Court sets the trial in this matter on March 1, 2018, at 9:00 a.m. A Criminal Trial Scheduling Order will follow.

SO ORDERED this 8th day of January 2018.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: C S

Date: 1/8/18  Time: 3:20

Deputy Clerk, Superior Court of Guam

ORIGINAL